**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HITHAM ABUHOURAN, | : | |
| | : | |
| Petitioner, | : | Civ. No. 08-4379(DRD) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| J. GRONDOLSKY, | : | |
| | : | |
| Respondent. | : | |

Hitham Abuhouran
18939-050
FC Schuylkill Camp 1
P.O. Box 670
Minersville, PA 17954
        *Petitioner, Pro Se*

Zane David Meineger
United States Attorney
By:     Robert A. Zauzmer
        Assistant United States Attorney
        615 Chestnut Street, Suite 1250
        Philadelphia, PA 19106

**Debevoise, Senior District Judge**

        Petitioner, Hitham Abuhouran, moves pursuant to Fed. R. Civ. P. 60(b)(6) for relief from

a July 20, 2009 judgment of this court dismissing with prejudice his September 3, 2008, 28

U.S.C. § 2241 petition which challenged his sentence of 188 months imprisonment imposed on

August 19, 1997.  Among the offenses for which Petitioner was sentenced were money

laundering charges.  In his September 3, 2008 petition Petitioner argued that, by virtue of the

Supreme Court decision in United States v. Santos, 553 U.S. 507 (2008), the transactions on

which the money laundering convictions were based involved receipts and expenses of the predicate bank fraud offenses (not profits as required by <u>Santos</u>), rendering him innocent of money laundering and requiring vacation of the money laundering convictions.

On August 25, 2010 the Court of Appeals affirmed this Court's dismissal of Petitioner's § 2241 petition. <u>Abuhouran v. Grandolsky</u>, 2010 WL 3330185, *3 (3d Cir. 2010).

In his present motion Petitioner asserts that this Court's "ruling on July 20, 2009, was erroneously (sic) and mistakenly (sic) because it misstated pertinent facts and failed to consider the totality of the claims disputing the accurate amounts of money alleged to be laundered by the government." (Pet. at 1).

Rule 60(b)(6) offers no basis for a reconsideration of the July 20, 2009 judgment. Rule 60(b) sets forth six grounds for relief from a final judgment, order or proceeding. Petitioner does not, and cannot, claim that he falls within grounds 1 through 5. He seeks relief under ground 6, which is "any other reason that justifies relief."

The grounds for relief under Rule 60(b)(6) are restricted to reasons other than those enumerated in the previous fine subsections. <u>Arrieta v. Battaglia</u>, 461 F. 3d 861, 864 (7th Cir. 2006) ("if the asserted ground for relief falls within one or the enumerated grounds for relief subject to the one year time limit of Rule 60(b), relief under the residual provision of Rule 60(b)(6) is not available"); <u>Cotto v. United States</u>, 993 F. 3d 274, 278 (1st Cir. 1993).

Petitioner does not qualify for relief under subsection 6. "Although the text of Rule (b)(6) states simply that a court may grant relief from a final judgment 'for any other reason that justifies relief,' courts have added a requirement that a party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment."

2

Budget Blinds, Inc. v. White, 536 F. 3d 244, 255 (3d Cir. 2008) (footnote omitted).

There are no extraordinary circumstances in this case that justify Rule 60(b)(6) relief. Petitioner's motion is nothing more than an unauthorized, much belated, motion for reconsideration.  Nor does Petitioner have other avenues for review of the July 20, 2009 judgment.

The inherent equitable powers of the Court are unavailable.  Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944) recognized the existence of a power of a court to consider a challenge to a judgment under its inherent equitable powers, but that was a civil action.  In this Circuit it has been held that federal courts do not have an inherent power to vacate their criminal judgments and must rely on statutory or Rule authority to do so.  United States v. Washington, 549 F. 3d 905, 912 (3d Cir. 2008).

Nor can Petitioner seek relief under Rule 60(d), which provides that Rule 60 "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; . . . (3) set aside a judgment for fraud on the court."

Petitioner does not charge that fraud on the court was committed in this case, but cases dealing with Rule 60(d)(3) suggest the kind of extraordinary circumstances that Petitioner would have to show in order to be entitled to Rule 60(b)(6) relief.  "Fraud on the court" is limited to fraud which "seriously affects the integrity of the normal process of adjudication [and] should embrace only that species of fraud which does or attempts to defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases."  King v. First Am. Investigations, Inc., 287 F. 3d 91, 95 (2d Cir. 2002) (internal quotation marks omitted).  The challenged conduct "'must involve

an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" <u>State Street Bank and Trust Co. v. Inversiones Evazuriz Limitada</u>, 374 F. 3d 158, 176 (2d Cir. 2004).  While not directly on point, these cases suggest the nature of the extraordinary circumstances required to support Rule 60(b)(6) relief.  No such circumstances exist here.

Thus this Court is without jurisdiction to hear Petitioner's motion for relief from final judgment pursuant to Rule 60(b)(6).  Petitioner advances arguments on the merits that were addressed in this Court's July 20, 2009 opinion and in the Court of Appeals's August 25, 2010 opinion affirming this Court's ruling.  No further discussion is necessary in light of the Court's lack of jurisdiction.  The Court will file an order dismissing the motion.


    *s/ Dickinson R. Debevoise*

DICKINSON R. DEBEVOISE

Date: June 1, 2011          U.S.S.D.J.